IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-81,157-01 AND WR-81,157-02




EX PARTE DAVID LEE JETTON, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. FR42049-A AND FR43095-A IN THE 264TH DISTRICT COURT
FROM BELL COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was originally charged with capital
murder, but pleaded guilty pursuant to a plea agreement to one charge of murder, and one charge of
burglary of a habitation. Applicant was sentenced in accordance with the plea agreement to life
imprisonment for the murder charge, and fifty years’ imprisonment for the burglary charge, to be
served consecutively. He waived his right to appeal as part of the plea agreement.
            Applicant contends, among other things,


 that his trial counsel rendered ineffective
assistance for advising Applicant to plead guilty, waive issues raised in a pre-trial suppression
motion, waive his right to concurrent sentences, and waive his right to appeal. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of
fact. The trial court shall order trial counsel to respond to Applicant’s claims of ineffective
assistance of counsel. Specifically, trial counsel shall state what advice he gave to Applicant with
regard to whether to plead not guilty and go to trial. Counsel shall describe the plea negotiations
and any investigation and trial preparation he performed. Trial counsel shall state whether he
advised Applicant that he would be eligible for parole after serving fifteen years, and whether he
discussed with Applicant the effect that consecutive sentences would have on Applicant’s parole
eligibility. Trial counsel shall also state whether he advised Applicant that his sentences could not
be “stacked” if he pleaded guilty in a single criminal proceeding, and whether he advised Applicant
that he could waive his right to concurrent sentences. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of the plea documents,
including the written admonishments, waivers and stipulations, and a transcript of the plea
proceedings. If a hearing was held on Applicant’s motion to suppress, the trial court shall
supplement the habeas record with a transcript of that hearing. The trial court shall make findings
of fact as to whether Applicant’s pleas to these two charges were entered at the same time, and as
to whether Applicant was found guilty and sentenced for both offenses in a single proceeding, or
whether two separate plea proceedings were conducted. The trial court shall make findings of fact
and conclusions of law as to whether the performance of Applicant’s trial counsel was deficient and,
if so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 30, 2014
Do not publish